UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:22-cr-708-RWS |
| | ) |
| MARIO COOKS, | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT'S OBJECTIONS TO THE PRESENTENCE REPORT

Defendant, Mario Cooks, through his attorney, Assistant Federal Public Defender Rachel Korenblat, objects to the Presentence Investigation Report's ("PSR's") failure to find that a horizontal departure pursuant to United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 4A1.3(b)(1) is applicable due to Mr. Cooks' over-represented criminal history. PSR ¶ 103 (finding no factors warrant a departure).

As shown below, the PSR's criminal history category ("CHC") of II, based on two criminal history points, PSR ¶ 54, is over-represented because its calculation includes one point for a misdemeanor Child Non-Support for a charge dating back to 2018.[1] *Id.* ¶ 52. Removing this point from consideration of Mr. Cooks' criminal history calculation results in one criminal history point with a corresponding CHC of I. This Court should therefore depart pursuant to section 4A1.3(b) to find Mr. Cooks is subject to a CHC of I rather than a CHC of II.

---

[1] The draft PSR states that Mr. Cooks has three criminal history points, but the undersigned anticipates the PSR will be amended to reflect two criminal history points because the Lincoln County Circuit Court has expunged Mr. Cooks' 2013 misdemeanor conviction for marijuana possession. PSR ¶¶ 49, 54.

Because a section 4A1.3(b)(1) horizontal departure is warranted, Mr. Cooks also objects to the PSR's finding that his Guidelines range is 8 to 14 months of custody, based on a TOL of 10 and a CHC of II. PSR ¶ 85. After applying the section 4A1.3(b) departure, this Court should find Mr. Cooks' Guidelines range is 6 to 12 months of custody with a TOL of 10 and a CHC of I.

## Statement of Facts

On December 14, 2022, the grand jury in this District indicted Mr. Cooks for six counts of fraudulent transfer of an authentication feature, in violation of 18 U.S.C. § 1028(a)(2). Dkt. No. 1. On October 26, 2023, Mr. Cooks pled to Counts 1-3 pursuant to a plea agreement with the government. Dkt. Nos. 37, 38 (Plea Agreement).

The PSR's computation of Mr. Cooks' criminal history places him in a CHC of II, with two criminal history points. PSR ¶ 54. This calculation includes one point for a prior sentence in St. Louis County Circuit Court for misdemeanor Criminal Non-Support, Docket No. 18SL-CR08231. *Id.* ¶ 52. On January 14, 2022, Mr. Cooks received a suspended imposition of sentence ("SIS") with one year of probation relating to a charge from September 2018 that Mr. Cooks "failed to provide adequate [child] support for" his son. *Id.* Mr. Cooks discharged his probation a year later. *Id.*

With a TOL of 10 and a CHC of II, the PSR calculated Mr. Cooks' Guidelines range as 8-14 months of custody. PSR ¶ 85. While the PSR found factors that may warrant a variance, the PSR did not find any factors that would warrant a departure. *Id.* ¶¶ 104, 105.

## Argument

### I. This Court Should Find Mr. Cooks' CHC is Overbroad Under U.S.S.G. § 4A1.3(b)(1)

Section 4A1.3(b) allows this Court to depart if "reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G §4A1.3(b)(1). The Sentencing Commission explained that a departure may be warranted because "the criminal history score is unlikely to take into account all the variations in the seriousness of criminal history that may occur." *Id.* at cmt. (background).

Mr. Cooks' criminal history is overbroad due to the one-point addition for his prior sentence for child non-support from 2018. After Mr. Cooks' conduct occurred, the St. Louis County Prosecutor announced in January 2019 that he was "moving towards prosecuting child support cases as civil—not criminal—matters to bring the county more in line with the rest of the state."[2] But, the County Circuit Attorney's Office nevertheless charged Mr. Cooks criminally for a misdemeanor in October 2019, and on January 14, 2022, he received an SIS with one year of probation, which he completed on January 14, 2023. PSR ¶ 52. While the PSR's point is properly calculated, it overstates Mr. Cooks' criminal history. As Mr. Cooks' forthcoming sentencing memorandum will show, Mr. Cooks is a devoted and loving father to his son. His son's mother, Tangunikia Ward, the recipient of the owed child support, described Mr. Cooks as a "good father," even though they have been separated since 2010 and he continues to owe child support in arrears. PSR ¶¶ 63, 82.

---

[2] *Wesley Bell Explains his Child Support Policy*, St. Louis Post Dispatch, Jan. 5, 2019, https://www.stltoday.com/news/wesley-bell-explains-his-child-support-policy/article_ec188672-2d74-571d-8a0d-fc6744c312d3.html. The Circuit Attorney also worried about the collateral consequences of someone's ability to seek employment with a felony due to non-support payments, which further harms the family overall. *Id.*

Significantly, since 2021, Mr. Cooks has been raising his son as the full-time custodial parent seven days a week—providing all financial support for him essentially as a single father, from paying rent for their apartment, the utilities, internet, food, shoes and clothes, haircuts, his entertainment (like video games), and other items teens need. *See* PSR ¶ 82. Mr. Cooks also drives him to school when he doesn't take the bus, to other family members and various appointments. And on top of finically supporting his son with full custody, Mr. Cooks has continued to pay monthly on his child support obligations.[3] *Id.* Given Mr. Cooks' financial (and emotional) support of his son as the full-time custodial parent for the last couple of years, this Court should find the one-point Mr. Cooks sustained for failing to pay child support back in 2018—which increased his CHC to II from I—overstates his criminal history.

## II. With a TOL of 10 and a CHC of I, this Court Should Find Mr. Cooks' Guidelines Range is 6-12 Months

Unlike Chapter 5 departures and 18 U.S.S.C. § 3553(a) variances, which courts apply *after* determining a Guidelines range, courts should apply 4A1.3(b) departures *before* finding the Guidelines range. Specifically, U.S.S.G. § 1B1.1(a) spells out the order as to how courts calculate the Guidelines range step-by-step. After determining the applicable Guideline section from Chapter 2 (the offense conduct), courts next determine the base offense level and apply any relevant specific offense characteristics or cross references. U.S.S.G. § 1B1.1(a)(1), (2). Then, courts apply Chapter Three, Parts A, B and C adjustments and then adjust the offense level if there are multiple counts pursuant to Chapter Three, Part D. U.S.S.G. §

---

[3] Mr. Cooks and Ms. Ward do not have a formal custody agreement, but more of an informal agreement that Mr. Cooks is the full-time custodial parent. Ms. Ward still sees and co-parents her son, and will buy him items here and there, but she does not provide Mr. Cooks with any money for their son.

4

1B1.1(a)(3), (4). After these calculations, courts apply the appropriate levels off for acceptance of responsibility under Part E of Chapter Three. U.S.S.G. § 1B1.1(a)(5).

Following these findings, courts next "[d]etermine the defendant's criminal history category as specified in Part A of Chapter Four." U.S.S.G. § 1B1.1(a)(6). Included within Part A of Chapter 4 is § 4A1.3(b)—departures for over-representation of criminal history, the departure at issue here. Courts also apply any applicable Chapter 4, Part B adjustments at this step. U.S.S.G. § 1B1.1(a)(6).

Only after courts determine the defendant's CHC, and offense level, can courts determine the Guidelines range utilizing the chart in Part A of Chapter 5. U.S.S.G. § 1B1.1(a)(7). Once courts find the Guidelines range, courts then consider sentencing options from Chapter Five, Parts B through G and whether any Chapter Five departures apply. U.S.S.G. § 1B1.1(a)(8), (b). Finally, as the last step—courts decide whether to vary under 18 U.S.C. § 3553(a) to arrive at the ultimate sentence. U.S.S.G. § 1B1.1(c).

Based on the Guidelines' prescribed order, therefore, this Court should apply the requested 4A1.3(b) departure to find Mr. Cooks' CHC is I (rather than II), which then results in a Guidelines range of 6-12 months.

## Conclusion

As argued above, the Court should find Mr. Cooks' criminal history is over-represented. Accordingly, the Court should depart one category to find Mr. Cooks is subject to a CHC of I. Based on a TOL of 10 and a CHC of I, this Court should find Mr. is Cooks subject to a Guideline range of 6-12 months of custody.

Dated: January 11, 2024

                                          Respectfully submitted,

                                          /s/ Rachel Korenblat
                                          Rachel Korenblat
                                          Assistant Federal Public Defender

1010 Market Street, Suite 200  
St. Louis, Missouri 63101  
Telephone: 314-241-1255  
Fax: 314 241 3177  
E-Mail: Rachel_Korenblat@fd.org  
Attorney for Defendant

**CERTIFICATE OF SERVICE**

Assistant Federal Public Defender Rachel Korenblat certifies that she caused Defendant's Objections to the Presentence Report be filed electronically with the Clerk of the Court, to be served by operation of the Court's electronic filing system upon Assistant United States Attorney, Tracy Berry.

Dated:   January 11, 2024.

/s/ Rachel Korenblat